M Norman Hammerlord
3955 Park Blvd        #303
San Diego              92103
        (619) 807-4218
        m1831@att.net

FILED

Apr 12 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ gloriavocal        DEPUTY

# UNITED STATES DISTRICT COURT

### FOR THE

## SOUTHERN DISTRICT OF CALIFORNIA

M NORMAN HAMMERLORD,                )    CASE NO: '23CV0663 JO   KSC
                                    )
        Plaintiff and Petitioner,   )
                                    )
        versus                      )    (A) COMPLAINT
                                    )
MARA W ELLIOTT,                     )    (B) PETITION FOR
San Diego City Attorney,            )        WRIT OF
                                    )        MANDATE [PRA]
TODD GLORIA,                        )
San Diego City Mayor,               )    (C) REQUEST FOR
                                    )        JUDICIAL
        Defendant(s)                )        NOTICE [PRA]
                                    )
_____)

## I

## RELATED CASES

Plaintiff/Petitioner does not have other Civil Case(s) in this or any other federal court.

1

II

## A - STATEMENT OF FACTS

1.      Plaintiff is a 78-year-old disabled veteran (former Officer in the United States Army) and a citizen in good standing in the community. Plaintiff requests that a fair accommodation be accorded him in any and all aspects of his prosecution of this claim.

2.      On 25 August 2019, while walking into the Balboa Park Bridge Club, Plaintiff was assaulted. Plaintiff claims that the assailant did sucker punch him while riding a bicycle out of the club. Several witnesses heard the assailant cursing Plaintiff, threatening to hurt him and saw the assailant ride his bicycle out of the club. Although no one saw the actual punch, there was a witness whom saw the accused ride off after the attack still cursing Plaintiff. This matter was assigned case # 1903 3424 by the San Diego Police Department.

3.      On 10 December 2019, Plaintiff was assaulted by the same person a second time at Saint Joseph's Cathedral located downtown San Diego. The accused rode his bicycle into Plaintiff while cursing at him again. The assailant then got off his bike and closed on Plaintiff while still cursing at him. Plaintiff attempted to defend himself but was thrown to the ground onto the assailant's bicycle. Several witnesses saw the attack and later

2

identified themselves to the police. Several other of the witnesses had to restrain the accused and keep him from doing more harm. The accused broke free and then rode off before the police arrived. This was assigned case # 1905 4377 by the SDPD.

4.      On 18 December 2019, Detective Rene Murillo of the San Diego Police Department notified Plaintiff that he had completed his investigation and forwarded the case to the **San Diego City Attorney** (?) for prosecution along with a blank arrest warrant.

5.      On 22 April 2020, Plaintiff wrote to the City Attorney questioning the delay in the handling of this case. During this time period, Plaintiff made numerous attempts to contact the City Attorney only to be told by the clerks that it was not yet filed. Plaintiff noted in his letter that the accused had four prior offenses on the record and could not understand their lack of attention to this matter [over four months had pasted]. In addition, the letter requested a copy of the **City Attorney file** pertaining to Plaintiff.

6.      On 18 May 2020, Plaintiff received a form letter from the Defendants stating that they were reviewing a police report in which Plaintiff or his child is listed as a victim or witness. Enclosed was a pamphlet entitled "When it's time to leave an abusive relationship". None of this was

3

applicable to Plaintiff but this correspondence underlines the lack of analysis and comprehension of this matter on the part of the agency.

7.     On various occasions since then, Plaintiff has been in phone contact with the City Attorney's office in order to discuss the case and obtain a copy of his file. On each and every occasion [approximately six attempts were made], Defendants refused to discuss his case, nor would they honor Plaintiff's numerous requests for access to his file.

8.     On 13 July 2020, the City Attorney's office wrote to Plaintiff declaring that the crime committed against him was a misdemeanor and that they were declining to issue charges. The letter did not contain any details for the reason of the declaration or the declination, nor did it address the numerous requests for Plaintiff's file.

9.     On each occasion of the two assault incidents, Plaintiff was provided with a document entitled the **Victim's Bill of Rights** or **Marsy's Law**. It states that these rights to the victim of a crime are conferred by the California Constitution, Article 1, Section 28. §1 deals with **Fairness and Respect**. It confers upon Plaintiff the right to be treated with fairness and respect for his privacy and dignity, and to be free from intimidation, harassment, and abuse throughout the criminal process. §2 pertains to the

4

**Protection from the Defendant** (accused). It states that the Plaintiff is to be reasonably protected from the assailant and persons acting on his behalf.

10 a.        On 07 August 2020, Plaintiff filed and served a Summons & Complaint filed in Superior Court against Defendant City Attorney. It plead most of the actions as mentioned above in this writing which were undertaken by the Defendant City Attorney. Also, it sought various elements of relief to include a mandate to the Defendant(s) to provide access to his file or a copy of same. Specifically, this was item A in the relief sought, "such order(s) as deemed necessary to secure and perfect the rights of Plaintiff, to include but not limited to a mandate to Defendant(s), to provide access to his file or a copy of same". The complaint mentioned Plaintiff's rights under the Marsy Law, further noted his disability status, and accused the Defendant of violating numerous of his rights thereunder. The complaint pointed out that the Defendant City Attorney had acted in bad faith and dealt with Plaintiff unfairly. Their bad faith actions continue to date.

10 b.        The complaint noted in part that the City Attorney and various of the staff are persons highly educated in the law. They, the Defendant City Attorney and Deputy Attorneys, have a higher duty and obligation to act responsibly toward the victim (Plaintiff) of two assaults. Instead, they dragged their feet, treated Plaintiff with contempt, refused to honor his more

5

than reasonable requests to provide his file and then interfered in the criminal justice process.

11. On 10 August 2020, the Clerk of the Superior Court sent a Notice of Case Assignment which assigned the case for all purposes to the Presiding Judge in Department C-70.

12a. On 22 October 2020, Defendant Mara Elliott entered their Demurrer to Plaintiff's Complaint in the Superior Court with the standard boiler plate language. It included the statement "what Plaintiff means when he states he wants a copy "his file" is entirely unclear in the complaint and Defendant does not know what the "City Attorney file" refers to".

12b. This disingenuous claim on the part of the Defendant is followed by another statement that "Plaintiff did not allege whether he has already filed such a request under the PRA and never received a response or whether this complaint is his attempt to request such documents under the PRA". However, the Superior Court claim will clearly show that Plaintiff had made such requests as stated herein. [See ¶5 of this Petition] In addition, the Complaint itself should have been construed as yet another request, in writing, to provide said "file" under the PRA. [It should be noted that such petitions for the access under the PRA are administrative claims and Plaintiff is entitled to raise a new claim for access to his records at any time during

6

the process.] Even though the Defendant's left the entire Complaint resting in state court until it matured, they still had an obligation to respond to the petition for access portion of the pleading. The record will again show their failure to so comply.

Also, Defendant's claim that the pleading was **unclear** only underlines their failure to interpret the word "file" as meaning "**records**". This failure to "understand" Petitioner's claim is another example of their bad faith dealing and violation of the law.

13.        On 06 November 2020, Plaintiff entered his Opposition to their Demurrer. It argued that the City Attorney did not have any authority to interfere in the processes of the criminal justice system. This matter should have gone directly to the District Attorney for prosecution rather than being waylaid without good purpose by the City Attorney. In as much as their Demurrer admits to these facts, the City Attorney acted without or in excess of its authority in doing those things complained of.

Furthermore, Plaintiff's Opposition again asked the Defendant to mitigate damages and tender Plaintiff's file. They refused. Plaintiff's Opposition noted that "time was of the essence" because the assailant still roams free.

7

14.     On 30 November 2020, The Clerk of the Court sent a Notice of Rescheduled Hearing which notified Plaintiff that the Demurrer/Motion to Strike(?) had been rescheduled to be heard by a different Judge in Department 70.

15.     On 26 March 2021, the State Court ordered that Plaintiff's requests for "his file" does not state facts sufficient to constitute a cause of action. An elderly disabled veteran Plaintiff with a meritorious claim would not be given access to his records through this court nor would any of his other requests for relief be granted therein. Plaintiff abandoned any more attempts to seek justice in that court and sought dismissal thereto.

16.     On 30 August 2022, Plaintiff filed a Memorandum for the Record with the Superior Court and sent a copy to the Defendant City Attorney. The Memorandum informed the parties that on 15 August 2022, the assailant and another person acting on his behalf showed up at a meeting held at Saint Joseph's church which was being attended by Plaintiff and a star witness to the crimes. Both assailant and his friend stated to everyone that Plaintiff and the witness were "lying" about the attack which was wholly Plaintiff's fault. The assailant then made threatening and vulgar gestures toward both Plaintiff and the witness.

Plaintiff contacted the police again and Detective Murillo but they declined to take any action against the pair. Because the records were withheld from him, Plaintiff was unable to obtain the necessary documents to file in support of an Application for Restraining Order. The lack of an Restraining Order prompted the police inaction. The Memorandum made a request to review this matter and provide some remedy or relief. Since a response may not have been required by law to said Memorandum, to date the Defendants have made none.

## B – REQUEST FOR JUDICIAL NOTICE

1.      Plaintiff requests the Court to take judicial notice of the California Public Records Act (PRA) as found in the California Government Code §7920 et seq.

2.      The fundamental precept of the PRA is that governmental records shall be disclosed to the public, upon request, unless there is specific reason not to do so. Most of the reasons for withholding disclosure of a record are set forth in specific exemptions contained in the PRA. To date, the record will show that Defendants have not claimed any exemption under the PRA for disclosure and should not be allowed to do so now. The time for them to have reasonable done so should be found to have passed.

9

3.    When a copy of the record (files) was requested by Plaintiff [on the twelve different occasions noted above], the Defendants failed to perform their requirement (shall) to determine within ten days whether to comply with the request, and shall promptly inform the requester of its decision and the reason therefor.

4.    The PRA does not permit an agency to delay or obstruct the inspection or copying of public records. When a written request is denied, it must be denied in writing. Nowhere in the record can the Defendants demonstrate that they had adhered to this or any other provision of the law pertaining thereto.

5.    The PRA requires the Defendant(s) to assist in formulating a request. [See ¶12a & 12b of this Petition] Defendant plead ignorance toward understanding Plaintiff's numerous requests for his "file" when in fact they had an obligation to so understand and did nothing to further that understanding or ascertain its meaning. Defendant's position that "it was unclear so we ignored it", is an admission which proves that the agency delayed and obstructed such inspection or copying of public records. The Respondent Superior City Mayor's Office should have intervened in this matter and prevented it from happening.

6.        The PRA allows that if the requester prevails in litigation filed pursuant to this chapter, the Court shall award court costs and reasonable attorney's fees to the requester.

## C – DUE PROCESS OF LAW

1.        Plaintiff incorporates the above statements as though fully set forth herein.

2a.        Due Process of Law is an application by the state of all legal rules and principles pertaining to a case so that all legal rights which are owed to a person are respected.

2b.        Due Process of Law in government is a constitutional guarantee that actions of the government will not impact its citizens in an abusive manner.

2c.        The due process clauses of the Constitution are as among the most important rights-granting clauses in the document and their scope and reach are exceedingly broad, covering many different rights.

2d.        The Fourteenth Amendment states that [No State shall] deny any person within its jurisdiction the equal protection of the law.

3.        The record will clearly show that the Defendants, and each of them, failed to respect the numerous rights of Plaintiff, acted in an abusive manner toward him and denied his right to Due Process of Law.

11

## D – CIVIL RIGHTS ACT VIOLATIONS

1.     Plaintiff incorporates the above statements as though fully set forth herein.

2.     18 USC §241 and § 242 are federal criminal laws that prohibit conspiracy against rights and deprivation of rights under color of law. These laws apply to anyone acting under color of any law, statute, ordinance, regulation or custom, including law enforcement officials, judges, security guards, etc. The law protects the rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, and forbid discrimination on account of age and disability.

3.     Plaintiff claims that the Defendants [Officers of the City of San Diego, including the City Mayor, City Attorney and several of the Deputy Attorneys and perhaps certain other staff members, collectively known as the Office of the City Attorney and Office of the City Mayor], acting in conspiracy with each other, and did deprive the rights of Plaintiff under color of law thereunder.

4.     Plaintiff claims that the Defendants, and each of them, did violate his rights under the provisions of the Civil Rights Act of 1964, 42 USC §1981 et seq.

///

12

## E – ELDER ABUSE

1.       Plaintiff incorporates the above statements as though fully forth herein.

2.       Elder Abuse is a single or repeated act, or lack of appropriate action, occurring in any relationship where there is an expectation of trust, which causes harm or distress to an older person. (WHO definition)

3.       Rights abuse is the denial of the civil and/or constitutional rights of a person who is old.

4.       In doing those things which are complained of herein against the Defendants, Defendants and each of them acted arbitrarily, capriciously, intentionally and abusively toward an elder disabled Plaintiff.

## F – VICTIM'S BILL OF RIGHTS

1.       Plaintiff incorporates the above statements as though fully set forth herein.

2.       In doing those things which are complained of herein against the Defendants, Defendants and each of them acted arbitrarily, capriciously, intentionally and violated numerous of Plaintiff's rights thereto.

## III

## REQUEST FOR RELIEF

Wherefore, Plaintiff/Petitioner requests relief by the Court as follows:

13

A)        To the extent that this written pleading can be interpreted as containing a new request under the PRA for access to Petitioners records, then Defendants are required herein to provide same or a written denial stating the grounds thereto within ten days of service of this document. At the end of such period of time, if the Defendants still refuse to comply, then Plaintiff now Petitions the Court to Issue a Writ of Mandate which orders Defendants to provide a copy of all materials, documents, papers, files and/or such other items pertaining to Plaintiff as may be contained or found in their records under said PRA. Plaintiff pleads with the Court to expedite this request on its own motion. Plaintiff is disabled and elderly, as previously noted in the record, and makes this request as a fair accommodation thereto. Plaintiff may still be able to secure a restraining order if the Court would so order.

B)        Issue a Finding of Facts which delineates the various elements of violation in the Defendant's refusal to provide any of the records requested by Plaintiff.

C)        Issue a Finding of Contempt against the Defendants for their flagrant violation of Plaintiff's rights under the PRA.

14

D)    Issue a Finding of Criminal Intention on the part of each and every individual(s) whom participated in the denial of Plaintiff's rights under the PRA.

E)    Issue a Finding of Fact that the actions of Defendants in their handling of this matter constitutes abuse of an elder under the Elder Abuse Act, a violation of his Civil Rights and a violation of Due Process of Law.

F -1)    Issue an award of attorney fees and costs of this matter.

F -2)    Issue a Finding of Meritorious Suit for an immediate award of attorney fees on motion from the Court in order to allow Plaintiff to secure an attorney to represent him in this matter, which he will do, as soon as possible, if so ordered.

## IV

## DEMAND FOR JURY TRIAL

Plaintiff does not make demand for a jury trial on his claims pursuant to Rule 68 of the Federal Rules of Civil Procedure at this time.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ___12 APRIL 2023___ Signed by: _____

M Norman Hammerlord