UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M NORMAN HAMMERLORD,<br><br>                   Plaintiff,<br><br>v.<br><br>MARA W ELLIOTT, San Diego City Attorney, and TODD GLORIA, San Diego City Mayor,<br><br>                   Defendants. | Case No.: 23cv663-JO-KSC<br><br>**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT** |

On April 12, 2023, *pro se* Plaintiff M Norman Hammerlord filed a complaint alleging that Defendants San Diego City Attorney Mara Elliott and San Diego City Mayor Todd Gloria violated his rights by refusing to give him public records. Dkt. 1 ("Compl."). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). Dkt. 2. For the following reasons, the Court grants Plaintiff's IFP request and dismisses the complaint in full under 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

Plaintiff Hammerlord, a victim of two incidents of assault, brings this lawsuit to challenge Defendants' refusal to provide him with the public records relating to those events. *See* Compl. Plaintiff, a 78-year-old veteran living in San Diego, states that he was first assaulted on August 25, 2019, when an unidentified individual threatened and "sucker

punch[ed] him." *Id.* ¶ 2. Plaintiff alleges he was assaulted again by the same unidentified individual on December 10, 2019, when the individual "rode his bicycle into Plaintiff," and threw Plaintiff to the ground. *Id.* ¶ 3. Plaintiff reported both of these assaults to the police, who forwarded the matter to the San Diego City Attorney for further action. *Id.* ¶ 4. Over the next six months, the City Attorney's Office allegedly refused Plaintiff's numerous requests to speak with an employee about the status of the case and to obtain "a copy of the City Attorney file pertaining to Plaintiff." *Id.* ¶¶ 5–7. On July 13, 2020, the City informed Plaintiff that it decided not to charge the unidentified individual for the assaults against Plaintiff. *Id.* ¶ 8. In August 2020, Plaintiff filed suit in California superior court against Defendants to obtain the public records related to the assaults. *Id.* ¶¶ 10–14. The state court dismissed Plaintiff's complaint on March 26, 2021. *Id.* ¶ 15. Plaintiff then filed suit in this court on April 12, 2023.

Based on the above facts, Plaintiff brings five claims against Defendants Elliott and Gloria. Plaintiff alleges two claims under federal law: (1) violation of federal criminal laws 18 U.S.C. §§ 241 and 242, and (2) violation of his due process rights under § 1983.[1] Plaintiff also brings three state law claims based on (1) violation of the California Public Records Act ("CPRA"), Cal. Gov. Code § 7920 et seq.; (2) violation of the Victims' Bill of Rights Act of 2008; and (3) elder abuse.

## II. PLAINTIFF'S IFP MOTION

Upon review of Plaintiff's affidavit in support of his IFP motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fee required to prosecute this action. *See* Dkt. 2. Accordingly, the motion is granted.

///
///
///

---

[1] Plaintiff's complaint alleges that Defendants violated his constitutional right to due process by refusing to give him the documents he requested. The Court liberally construes this claim under § 1983.

### III. LEGAL STANDARD

Because Plaintiff was granted leave to proceed IFP, his Complaint must undergo a *sua sponte* screening for dismissal. A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. *Pro se* complaints are construed "liberally" and may be dismissed for failure to state a claim only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal quotation marks omitted).

### IV. DISCUSSION

Upon screening Plaintiff's complaint, the Court identifies the following deficiencies. First, Plaintiff does not have a viable claim under 18 U.S.C. §§ 241 and 242 because these are federal criminal statutes that cannot be enforced by private citizens in a civil suit. Second, Plaintiff fails to state a claim under § 1983 because Defendants' alleged refusal to provide him with documents does not violate any constitutional right. The Court first

addresses each of these issues and then turns to examining its jurisdiction over the remaining state law claims.

### A. Plaintiff Cannot Bring Claims Under Federal Criminal Statutes

First, the Court dismisses Plaintiff's claims under 18 U.S.C. §§ 241 and 242 because a private plaintiff cannot sue under these federal criminal statutes. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (holding that 18 U.S.C. §§ 241 and 242 do not provide a private right of action). Plaintiff is a private citizen and thus, cannot bring claims under §§ 241 and 242. Accordingly, his claim is not viable and must be dismissed.

### B. Plaintiff's § 1983 Claim Does Not Allege Violation of a Constitutional Right

Second, the Court dismisses Plaintiff's § 1983 due process claim based on Defendants' alleged refusal to give him public records because the refusal to provide public records is not a constitutional violation. A § 1983 claim must be based on the violation of constitutional or federal rights, and cannot rest on a violation of state law. *See Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009); *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007). Although the CPRA confers certain state law rights to public records, "[n]either the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control." *Houchins v. KQED, Inc.*, 438 U.S. 1, 16 (1978); *Cortland v. Myers*, 498 F. App'x 733 (9th Cir. 2012) (affirming dismissal of § 1983 claim based on state public records act because state law did not create "a federal right"). Here, Plaintiff brings a due process claim based on Defendants' alleged refusal to provide him with the public records in their possession related to the two times he was assaulted. *See* Compl. Because federal due process does not include a right to public records and because the state law right to access public records does not create a federal right, Plaintiff fails to allege the violation of any constitutional or federal right. His § 1983 claim must therefore be dismissed.

///

///

4

### C. Dismissal With Prejudice

Plaintiff's federal claims are dismissed with prejudice because no additional factual allegations could remedy the legal insufficiency of his claims. Dismissal with prejudice is warranted where amendment would be futile because flaws in the claims cannot be cured. *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (finding leave to amend futile where "plaintiffs cannot cure the basic flaw in their pleading"); *see also, e.g.*, *Brooks v. Vallejo City Unified School Dist.*, 2013 WL 943460, at *4 (E.D. Cal. Mar.11, 2013) (dismissing without leave to amend § 1983 claim challenging the defendants' responses to CPRA requests). First, because Plaintiff has no right of action under federal criminal laws no matter what facts he alleges, any amendment of his §§ 241 and 242 claims would be futile. *See Allen*, 464 F.3d at 1048. Second, because there is no federal constitutional right to obtain public records, Plaintiff's dispute with Defendants over public records cannot be litigated under § 1983. *Houchins*, 438 U.S. 1; *Cortland*, 498 F. App'x 733. Given that the entirety of Plaintiff's dispute with Defendants is based on their refusal to give him public records, further amendment consistent with the original allegations would be futile. Accordingly, Plaintiff's federal claims under the current allegations are dismissed with prejudice.

### D. The Court Declines Jurisdiction Over Plaintiff's Remaining State Law Claims

Because the Court has dismissed Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. A court may exercise supplemental jurisdiction to hear a plaintiff's state law claims that "derive from a common nucleus of operative fact[s]" as his or her federal claims. 28 U.S.C. § 1367(c); *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002). But where it has dismissed all federal claims over which it had original jurisdiction, it may decline to extend its jurisdiction to the remaining state claims. *See id.*; *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). In deciding whether to continue to exercise supplemental jurisdiction, the court considers the interests of judicial economy, convenience, fairness, and comity. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997); *Smith*

*v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001).  Here, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  Because the Court has dismissed all of Plaintiff's federal claims—the claims that conferred original jurisdiction—the Court need not exercise supplemental jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1367(c); *Sanford*, 625 F.3d at 561 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).  Thus, Plaintiff's state law claims are dismissed without prejudice to refiling in state court.

## V. CONCLUSION

For the reasons set out above, the Court GRANTS Plaintiff's motion to proceed IFP [Dkt. 2] and DISMISSES Plaintiff's complaint in full under 28 U.S.C. § 1915(e)(2) [Dkt. 1].  The Clerk is instructed to close the case.

**IT IS SO ORDERED**.

Dated:  June 9, 2023

Hon. Jinsook Ohta
United States District Judge