**M Norman Hammerlord**
3955 Park Blvd        #303
San Diego           92103
        (619) 807-4218
        m1831@att.net

FILED

JUL 0 5 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY OM                           DEPUTY

# UNITED STATES DISTRICT COURT

### FOR THE

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M NORMAN HAMMERLORD, ) | Case No:  23cv663-JO-KSC |
| ) | |
| Plaintiff,      ) | |
| ) | **MOTION FOR** |
| versus      ) | **RECONSIDERATION** |
| ) | |
| MARA W ELLIOTT,      ) | |
| San Diego City Attorney,      ) | |
| ) | |
| TODD GLORIA,      ) | |
| San Diego City Mayor,      ) | |
| ) | |
| ) | |
| Defendant(s) ) | |
| _____ ) | |

Now comes Plaintiff M Norman Hammerlord to Motion for Reconsideration from the 09 June 2023 Order Dismissing his Complaint in its entirety.

1

## I - BACKGROUND

1)(a)        On 12April 2023, Plaintiff filed a Federal Complaint alleging in part that Defendants San Diego City Attorney Mara Elliott and San Diego Mayor Todd Gloria (1) violated his 42 U.S.C. §1983 Civil Rights by refusing to disclose their reasons, as required by state law, for not providing him access to his files under the California Public Records Act, (2) violation of those same Civil Rights and Due Process of Law by interfering, under color of law, with the criminal prosecution of his attackers, and (3) failure to protect, treat with fairness or respect his rights under Marsy's Law (California Victim Bill of Rights).

1)(b)        Plaintiff believes and thereon alleges that the intent and purpose of said violations by the Defendants is to administratively punish him because of his age and disability. However, these do not appear to be the only reasons for their unlawful behavior and Plaintiff believes there is more. Only an inspection of the records will tell the tale. Simply put, Defendants are trying to hide the evidence as to their reasons for interfering in his attacker's criminal prosecution.

1)(c)        There is also an administrative part of the Complaint (although not set forth separately in the pleading) which challenges Defendant's refusal to provide him with the public records sought by him. This portion of the

2

Complaint was meant to seek the Court's help in the state claim to obtain same. This part was dismissed without prejudice.

1)(d)      Finally, the Complaint seeks damages for the injuries caused by their actions thereto for which a jury trial will be later demanded.

2)      Plaintiff is a 78-year-old veteran and the victim of two incidents of assault by the same person in San Diego. Although the Court did not take notice in its Dismissal of his Complaint, Plaintiff is also a disabled veteran and was at the time of the attacks. The purpose behind the request for his records from the City Attorney's Office was to use these documents in an Application for a Restraining Order against his attacker.

3)      Even though the attacker was known to Plaintiff and identified to the police by various witnesses, the Order of Dismissal referred to him as an "unidentified individual". As will be later noted in this pleading, this is a factor necessary to a full understanding of the complaint.

4)      The Order of Dismissal notes that Plaintiff reported both of these assaults to the police who then forwarded an arrest warrant and the files to the Defendant San Diego City Attorney (?) for further action. But the Order omits mention of certain intermediate steps taken prior to this transfer which have a direct bearing on the case.

3

4)(a)    During the investigative process, Plaintiff received a form letter from the Defendants stating that they were reviewing a police report in which Plaintiff or his child is listed as a victim or witness. Enclosed was a pamphlet entitled "When it's time to leave an abusive relationship". None of this was applicable to Plaintiff but this correspondence underlines the repeated lack of analysis and comprehension [gross negligence] on the part of Defendants pertaining to their handling of this matter.

4)(b)    The City Attorney's Office then wrote to Plaintiff declaring that the crimes committed against him were misdemeanors (?) and that they were declining to issue charges. The letter did not contain any details for the reason of this declaration or the declination, nor did it respond to the numerous requests for Plaintiff's file. Plaintiff noted in his Complaint that the City Attorney did not have any authority to interfere in the processes of the criminal justice system. Plaintiff argued that this matter should have gone directly to the District Attorney for prosecution rather than being waylaid without good purpose by the City Attorney. In as much as they have admitted to these facts in state court in a demurrer, then it can only be concluded that the Defendant's acted without or in excess of its authority in doing those things complained of. They acted under color of law.

4)(c)    The Complaint also noted that on both occasions of the assault, the police made Plaintiff aware of the California Victim Bill of Rights. The Defendants will be unable to demonstrate that they engaged in any action of compliance with Plaintiff's rights thereto. Rather, it can be shown that the Defendants obstructed and violated each of Plaintiff's rights thereunder.

4)(d)    The Order correctly notes that Plaintiff filed suit in the California Superior Court against the Defendants to obtain the public records related to the assault. However, this was only part of the purpose of the state action. It certainly sought acquisition of his files (records) but also complained of the bad faith actions of the Defendants and sought damages.

Since the law library was closed during this period of time due to Covid, Plaintiff was unable to research the law for the state filing. As a result, Plaintiff asked only for his "files" when in fact such requests fall under the Public Records Act and the word "record" would have been a more appropriate usage. The City Attorney jumped on Plaintiff's ignorance by claiming that the use of his word "files" is unclear and Defendant does not know what the "City Attorney file" refers to. However, Plaintiff can show that this is just another bad faith action on their part and abuse of authority because the PRA requires the Defendants to assist in understanding such requests and make a written response explaining their refusal. The record

5

will demonstrate their repeated failure to so comply and their refusal to respond in writing as required by law.

4)(e)    In August 2022, Plaintiff filed a Memorandum for the Record with the Superior Court and sent a copy to the Defendant City Attorney. It reported that Plaintiff's attacker and another person acting on his behalf appeared at a meeting attended by Plaintiff and a star witness to the assaults. The attacker and his associate then stated to everyone that Plaintiff and the witness were lying about the attack. The assailant then made threatening and vulgar gestures toward both Plaintiff and the witness placing them in fear of their life. Although Plaintiff contacted the police, they could do nothing because of the lack of a restraining order. Because the records were withheld from him, Plaintiff was unable to obtain the necessary documentation to file in support of an Application for Restraining Order. Plaintiff concluded the memo with a plea for help. None was forthcoming. This failure to protect is a violation of Plaintiff's rights under Marsy's Law and lends itself as a further example of their violation of his civil rights.

4)(f)    The Complaint contained a separate request that the Court take judicial notice of the California Public Records Act and asked the Court to intercede.

6

4)(g)    The Complaint noted that certain federal criminal laws prohibit conspiracy against rights and deprivation of rights under color of law. The Court found that Plaintiff was seeking enforcement of those laws when in fact he was only intending to seek damages for their violation thereto. In addition, if it can be shown that Defendants violated these statutes, then this would be the violation of federal law which qualifies a civil rights violation.

## II – PLAINTIFF'S IFP MOTION

5)    Plaintiff's IFP motion was grated.

## III - LEGAL STANDARD

6)(a)    The Complaint underwent a mandatory screening in order to determine if it were frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). "The provisions of 28 U.S.C. §1915(e)(2)(B) are not limited to prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

6)(b)    Federal Rule of Civil Procedure 12(b)(6) sets forth the standard for failure to state a claim. Said rule requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim is context-

7

specific, requiring the reviewing court to draw on its experience and common sense." *Bell Atlanta Corp v. Twombly*, 550 U.S. 554, 555 (2007).

6)(c)    "*Pro se* complaints are to be construed "liberally" and may be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Wilhelm v, Rotman*, 680 F. 3d 1113, 1121 (9th Cir. 2012). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." See *Iqbal*, 556 U.S. at 679. "When determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff," *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

"The Court's duty to liberally construe a *Pro se* litigant's pleadings is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); see *Karim-Panahi v. L.A. Police Dept.*, 839 F. 2d 621, 623 (9th Cir. 1988).

6)(d)    "The language of §1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."

## IV – DISCUSSION

**A.  Plaintiff Cannot Bring Claims Under Federal Criminal Statutes**

8

7)(a)    The Dismissal Order stated that Plaintiff does not have a viable claim under 18 U.S.C. §241 and §242 because these are federal criminal statutes that cannot be enforced by private citizens in a civil suit. Upon review of the Complaint, it was found that it did not adequately set forth the intended purpose of this portion of the pleading.  As previously mentioned herein, the purpose of its inclusion in the Complaint was to seek damages for Defendant's tortious violation of these laws and not to enforce the code itself. However, at the very least, these violations of those statutes by the Defendants are evidence or facts which are important to the claim. As a result, they belong in the Complaint in the statement of factual allegations and maybe not as separate cause of action.

Also, it should be noted that in *Allen v. Gold Country Casino*, as cited in the order, the case was dismissed because Gold Country Casino was a sovereign Indian Nation venture that was immune from the relief sought and not because it failed to state a case. Here, Defendants are not an entity entitled to such immunity, and neither was the Complaint found to be frivolous or malicious.

**B.  Plaintiff's §1983 Claim Does Not Allege Violation of a Constitutional Right**

9

7)(b)    The Dismissal Order stated that Plaintiff fails to state a claim under §1983 because Defendant's refusal to provide him with documents (records) does not violate any constitutional right. It is not Defendant's repeated refusal to provide the requested records under the PRA which violates Plaintiff's constitutional rights but rather their reasons thereto. It is the intent of said refusal which begs to be explored and which violates Plaintiff's rights.  It can only be concluded that the reasons (intentions) for Defendant's actions (or lack thereof) are contained in said records and these will prove to be the violation of his rights that are being set forth herein. At the very least, Plaintiff's claim that age and disability played a role their actions should bear some weight. Until such time as his claim, "there is more to it than meets the eye" can be proven or disproven,  Plaintiff should be allowed to proceed based upon these implied intentions.

7)(c)    As previously noted above, Defendants obstructed justice by interfering with the prosecution by the district attorney of his (twice) attacker whom was found to have had four priors on his record. They obtained the proposed arrest warrant from the police and dragged their feet for many months until it was too late to prosecute. The Defendants (city) then declared that these two felonies were only misdemeanors (another attempt to cover their tracks) and refused to forward it to the DA (county) for prosecution.

On numerous occasions, Plaintiff sought through both written and telephonic means to contact the Defendants or their representatives to discuss this matter and get clarity. He was stonewalled on each and every occasion. Such obstruction of justice is claimed in the Complaint to be a violation of Plaintiff's right to due process of law and therefore a violation of his civil rights.

## C.  Dismissal With Prejudice

8)	Upon review of Plaintiff's Complaint, it became clear that it was a compound pleading which put to many eggs in one basket. In addition to a complaint, it contained a request for judicial review and several motions which should have been set forth under separate cover. It is believed that these factors, as stated herein, may have contributed to some confusion and made the document unclear or less concise.

## V - CONCLUSION

9)	For the reason set out above, Plaintiff's prays that the court reconsider its order of dismissal on the complaint in its entirety and allow Plaintiff to amend the pleading.

Signed by: _____ Dated: ___05 JUL 23___

11