UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M NORMAN HAMMERLORD,<br><br>                    Plaintiff,<br><br>v.<br><br>MARA W ELLIOTT, San Diego City Attorney, and TODD GLORIA, San Diego City Mayor,<br><br>                    Defendants. | Case No.: 23cv663-JO-KSC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

      On April 12, 2023, *pro se* Plaintiff M Norman Hammerlord filed a complaint alleging that Defendants San Diego City Attorney Mara Elliott and San Diego City Mayor Todd Gloria refused to provide him with public records. Dkt. 1 ("Compl."). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). Dkt. 2. On June 9, 2023, the Court granted Plaintiff's IFP request and dismissed the complaint in full under 28 U.S.C. § 1915(e)(2). Dkt. 3. On July 5, 2023, Plaintiff filed a motion for reconsideration. Dkt. 4.

      The Court denies this request for reconsideration because Plaintiff has not identified newly discovered evidence, intervening law, clear error, or manifest injustice. *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered

evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."). Plaintiff has identified no new evidence or change in law and the arguments he raises do not convince the Court that it committed clear error. The Court finds no clear error in its decision to dismiss Plaintiff's claims under federal criminal statutes 18 U.S.C. §§ 241 and 242. A private plaintiff cannot sue under these statutes, even if he only seeks money damages. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (holding that 18 U.S.C. §§ 241 and 242 cannot "give rise to civil liability"). The Court also finds no clear error in its dismissal of Plaintiff's § 1983 claim which was based on a violation of the California Public Records Act. Whether intentional or unintentional, a violation of this state statute cannot support a claim under the Fourteenth Amendment. *See, e.g.*, *Rouse v. Pitkin*, 2022 WL 834956, at *3 (N.D. Cal. Mar. 21, 2022). Accordingly, the Court DENIES Plaintiff's motion for reconsideration [Dkt. 4].

**IT IS SO ORDERED**.

Dated: August 8, 2023

_____
Hon. Jinsook Ohta
United States District Judge