1
2
3
4
5
6
7

8                              UNITED STATES DISTRICT COURT

9                            SOUTHERN DISTRICT OF CALIFORNIA

10

11   M. NORMAN HAMMERLORD,                      Case No.:  23-cv-00663-JO-KSC

12                                Plaintiff,

13   v.                                          **ORDER GRANTING REQUEST TO
                                                 REOPEN THE TIME TO FILE AN**
14   MARA W. ELLIOTT, San Diego City             **APPEAL**
     Attorney and TODD GLORIA, San Diego
15   City Mayor,

16                               Defendants.

17

18

19

20       *Pro se* Plaintiff Hammerlord requests to reopen the time to file an appeal.  Dkt. 11.

21   On April 12, 2023, Plaintiff filed a complaint along with a request to proceed *in forma*

22   *pauperis* ("IFP").  Dkts. 1,2.  On June 9, 2023, pursuant to screening obligations under 28

23   U.S.C. § 1915(e)(2), the Court dismissed Plaintiff's complaint with prejudice.  Dkt. 3.

24   Following this order, Plaintiff filed a motion for reconsideration [Dkt. 4], which the Court

25   denied on August 8, 2023 [Dkt. 5].  Following the Court's orders, Plaintiff filed an

26   amended complaint [Dkt. 6] and motion of readiness to proceed [Dkt. 7].  On January 4,

27   2024, the Court issued a minute order informing Plaintiff that it had already ordered a final

28   judgment on the merits, the case was closed, and that no further filings would be

1   entertained.  Dkt. 10.  Accordingly, the Court struck Plaintiff's amended complaint and

2   motion of readiness to proceed from the record.  *Id.*  Subsequently, Plaintiff filed a Notice

3   of Appeal to the Ninth Circuit, in which he also filed a motion for extension of time before

4   the circuit court pursuant to Federal Rule of Appellate Procedure 26(b).  Dkt. 11.  On May

5   23, 2024, the Ninth Circuit ordered a limited remand for the purpose of allowing the district

6   court to consider Plaintiff's motion for an extension of time.  Dkt. 14.

7       Although this motion was filed before the Ninth Circuit under Federal Rule of

8   Appellate Procedure 26(b), the Court liberally construes Plaintiff's *pro se* motion as a

9   request to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure

10  4(a)(6) before the district court.  Fed. R. App. P. 4(a)(6); *see Erickson v. Pardus*, 551 U.S.

11  89, 94 (2007) ("A document filed *pro se* is to be liberally construed." (internal citation and

12  quotation marks omitted)).  Under this rule,

13
14  > "[t]he district court may reopen the time to file an appeal for a
    > period of 14 days after the date when its order to reopen is
    > entered, but only if . . . (A) the court finds that the moving party
15  > did not receive notice under Federal Rule of Civil Procedure
    > 77(d)[1] of the entry of the judgment or order sought to be appealed
16  > within 21 days after entry; (B) the motion is filed within 180 days
    > after the judgment or order is entered or within 14 days after the
17  > moving party receives notice under Federal Rule of Civil
    > Procedure 77(d) of the entry, whichever is earlier; and (C) the
18  > court finds that no party would be prejudiced."
19

20  Fed. R. App. P. 4(a)(6).

21      Here, Plaintiff has met the necessary requirements for the Court to reopen the time

22  to file his appeal.  First, the Court finds that Petitioner did not receive notice of the entry

23  of its January 4, 2024 order within 21 days because he did not receive the Court's order

24

25

26

27  [1] Under Federal Rule of Civil Procedure 77(d), "[i]mmediately after entering an order or
    judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in
    default for failing to appear. The clerk must record the service on the docket. A party also may serve
28  notice of the entry as provided in Rule 5(b)."  Fed. R. Civ. P. Rule 77(d).

23-cv-00663

until February 14, 2024.  Dkt. 14.  Even though the Court closed Plaintiff's case on June 9, 2023 and August 8, 2023, Plaintiff's later filing of an amended complaint and motion of readiness to proceed illustrates that Plaintiff did not comprehend that his case was closed.  *See* Dkts. 6, 7.  In light of these facts and Plaintiff's status as a *pro se* litigant, the Court construes its January 4, 2024 order as its final judgment and finds that Plaintiff did not receive timely notice that his case was definitively closed within 21 days.  Second, Petitioner filed this motion on February 22, 2024, and thus, within 180 days after the Court issued its order on January 4, 2024, meeting the requisite deadline.  Dkt. 14.  Third, the Court does not find that either party would be prejudiced as a significant duration of time has not passed and there is no evidence that the appellees have relied on the closure of this case as this case was dismissed before their involvement pursuant to 28 U.S.C. § 1915(e)(2).  *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995) (explaining that the advisory committee has defined prejudice as "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal . . . for example, if the appellee had taken some action in reliance on the expiration of the normal time period").

In sum, the Court GRANTS Petitioner's request to reopen the time to file his appeal.  Thus, Petitioner has fourteen days following the entry of this order, Wednesday June 12, 2024, to file his notice of appeal with the Ninth Circuit.

Accordingly, the DIRECTS the clerk of the court to close this case.

**IT IS SO ORDERED**.

Dated:  May 29, 2024

_____
Honorable Jinsook Ohta
United States District Judge

3

23-cv-00663