UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. NORMAN HAMMERLORD,<br><br>         Plaintiff,<br><br>v.<br><br>MARA W. ELLIOTT, San Diego City Attorney and TODD GLORIA, San Diego City Mayor,<br><br>         Defendants. | Case No.: 23-cv-00663-JO-KSC<br><br>**AMENDED ORDER GRANTING REQUEST TO REOPEN THE TIME TO FILE AN APPEAL** |

  *Pro se* Plaintiff Hammerlord requests to reopen the time to file an appeal. Dkt. 11. On April 12, 2023, Plaintiff filed a complaint along with a request to proceed *in forma pauperis* ("IFP"). Dkts. 1,2. On June 9, 2023, pursuant to screening obligations under 28 U.S.C. § 1915(e)(2), the Court dismissed Plaintiff's complaint with prejudice. Dkt. 3. Following this order, Plaintiff filed a motion for reconsideration [Dkt. 4], which the Court denied on August 8, 2023 [Dkt. 5]. Following the Court's orders, Plaintiff filed an amended complaint [Dkt. 6] and motion of readiness to proceed [Dkt. 7]. On January 4, 2024, the Court issued a minute order informing Plaintiff that it had already ordered a final judgment on the merits, the case was closed, and that no further filings would be

entertained. Dkt. 10. Accordingly, the Court struck Plaintiff's amended complaint and motion of readiness to proceed from the record. *Id.* Subsequently, Plaintiff filed a Notice of Appeal to the Ninth Circuit, in which he also filed a motion for extension of time before the circuit court pursuant to Federal Rule of Appellate Procedure 26(b). Dkt. 11. On May 23, 2024, the Ninth Circuit ordered a limited remand for the purpose of allowing the district court to consider Plaintiff's motion for an extension of time. Dkt. 14.

Although this motion was filed before the Ninth Circuit under Federal Rule of Appellate Procedure 26(b), the Court liberally construes Plaintiff's *pro se* motion as a request to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) before the district court. Fed. R. App. P. 4(a)(6); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed." (internal citation and quotation marks omitted)). Under this rule,

> "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if . . . (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)[1] of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced."

Fed. R. App. P. 4(a)(6).

Here, Plaintiff has met the necessary requirements for the Court to reopen the time to file his appeal. First, the Court finds that Plaintiff did not receive notice of the entry of its January 4, 2024 order within 21 days because he did not receive the Court's order until

---

[1] Under Federal Rule of Civil Procedure 77(d), "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b)." Fed. R. Civ. P. Rule 77(d).

2

23-cv-00663

February 14, 2024.  Dkt. 14.  Even though the Court closed Plaintiff's case on June 9, 2023 and August 8, 2023, Plaintiff's later filing of an amended complaint and motion of readiness to proceed illustrates that Plaintiff did not comprehend that his case was closed. *See* Dkts. 6, 7.  In light of these facts and Plaintiff's status as a *pro se* litigant, the Court construes its January 4, 2024 order as its final judgment and finds that Plaintiff did not receive timely notice that his case was definitively closed within 21 days.  Second, Plaintiff filed this motion on February 22, 2024, and thus, within 180 days after the Court issued its order on January 4, 2024, meeting the requisite deadline.  Dkt. 14.  Third, the Court does not find that either party would be prejudiced as a significant duration of time has not passed and there is no evidence that the appellees have relied on the closure of this case as this case was dismissed before their involvement pursuant to 28 U.S.C. § 1915(e)(2). *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995) (explaining that the advisory committee has defined prejudice as "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal . . . for example, if the appellee had taken some action in reliance on the expiration of the normal time period").

      In sum, the Court GRANTS Plaintiff's request to reopen the time to file his appeal.  Pursuant to the Ninth Circuit's instructions, Plaintiff need not file another notice of appeal before the circuit.  Accordingly, the Court directs the clerk of the court to CLOSE this case and SERVE a copy of this order on the Ninth Circuit.

      **IT IS SO ORDERED**.

Dated:  June 11, 2024

_____
Honorable Jinsook Ohta
United States District Judge